**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:  1:19-cv-01551-RBJ-NYW

KATHERINE L. REMMEREID,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC
and TRANSUNION, LLC,

    Defendants.

---

## PROPOSED SCHEDULING ORDER

---

### 1.   DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference is scheduled for August 1, 2019 at 10:30 a.m.

**Appearing for Plaintiff, Katherine L. Remmereid:** Nathan C. Volheim, Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 568-3056.

**Appearing for Defendants, Equifax Information Services LLC ("Equifax"):** Megan Garnett, Polsinelli PC, 1401 Lawrence Street, Suite 2300, Denver, CO 80202, Telephone (303) 583-8238; Trans Union LLC ("Trans Union"): Paul Sheldon, Quilling, Selander, Lownds, Winslett & Moser, P.C., 6900 N. Dallas Parkway, Suite 800, Plano, TX 75024, Telephone (214) 560-5453.

### 2.   STATEMENT OF JURISDICTION

This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims were brought under a federal statute, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").  This court has personal jurisdiction over this matter because Plaintiff is a resident of Colorado, and Defendants conduct business within the state of Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.  Plaintiff's statement**:

Plaintiff's Complaint (Dkt. 1) alleges that Defendants violated 15 U.S.C. § 1681 *et seq.* of the FCRA by failing to follow reasonable procedures in order to accurately report her credit information.

**b.  Defendant's statement:**

Defendants Equifax and Trans Union are consumer reporting agencies as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").  Equifax and Trans Union deny Plaintiff's claims and deny that they violated the FCRA.  Equifax and Trans Union maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute in compliance with the FCRA.  Equifax and Trans Union deny that they caused any damage to Plaintiff and deny that Plaintiff is entitled to any of the relief sought in the Complaint.  Equifax and Trans Union further deny that Plaintiff can support a claim for punitive damages in this action.

## 4.   UNDISPUTED FACTS

The following facts are undisputed:

a.   The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

b.   Venue is proper in the District of Colorado.

## 5.   COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages of up to $1,000.00 under the FCRA.  Additionally she seeks payment of her actual damages and reasonable attorney fees and costs, in amounts to be determined, under the FCRA.

Equifax and Trans Union deny Plaintiff is entitled to any damages.  Equifax and Trans Union do not allege any damages at this time, but reserves the right to do so.  Equifax and Trans Union deny all liability to Plaintiff for any damages.

## 6.   REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

**a.   Date of Rule 26(f) Meeting:** July 15, 2019.

**b.   Names of each participant and each party represented:**

Counsel for Plaintiff: Taxiarchis Hatzidimitriadis.

Counsel for Defendants: Megan Garnett represented Equifax; Paul Sheldon represented Trans Union.

**c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

Disclosures will be made by August 6, 2019.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

The parties do not propose any changes to the timing or requirement of disclosures at this time.

**e. Statement concerning any agreements to conduct informal discovery:**

The parties have not agreed to make any documents available without the need for a formal request for production at this time.

**f. Statement concerning any other agreements or proposals to reduce discovery and other litigation costs**

The parties agree to use consecutive deposition exhibit numbers and to use those same deposition exhibit numbers as trial exhibit numbers.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will all be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF).

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibility of settlement.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a U.S. Magistrate Judge.

## 8.   DISCOVERY LIMITATIONS

**a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to limit the number of depositions to four (4) depositions for each side including experts, and the number of interrogatories to twenty (25) for each side.

**b.   Limitations which any party proposes on the length of depositions.**

Depositions are to be limited to seven (7) hours per deposition.

**c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to limit the number of Requests for Production to twenty (25) per side and the number of Requests for Admission to twenty (25) per side.

**d.   Other Planning or Discovery Orders**

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.L.Civ.R. 7.1(a).

## 9.   CASE PLAN AND SCHEDULE

**a.   Deadline to Amend Pleadings**

September 17, 2019

**b.   Discovery Cut-off**

February 21, 2020

**c.   Dispositive Motion Deadline**

March 27, 2020

**d.   Expert Witness Disclosure**

1.      The parties shall identify anticipated fields of expert testimony, if any.

The parties do not anticipate the need for expert witnesses at this time.

2.       Limitations which the parties propose on the use or number of expert witnesses.

The parties propose to limit the number of expert witnesses to two per side, including rebuttal experts.

3.       The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

December 6, 2019.

4.       The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

 January 8, 2020.

**e.  Identification of Persons to Be Deposed**

Plaintiff: Corporate representative of Defendants, any person identified in Defendants' Rule 26(a)(1) Initial Disclosures.

Defendants:

Defendant Equifax: Plaintiff and any credit grantor who Plaintiff alleges denied her credit or otherwise injured her purportedly due to information received from Equifax.

Defendant Trans Union:  Plaintiff, representative(s) from Conn Appliances, Inc. regarding Plaintiff's contention that an agreement was entered into regarding debt waiver and credit reporting deletion, Comenity Capital Bank representative addressing credit application denial, and any additional credit grantor who Plaintifff alleges denied her credit or otherwise injuried her purportedly due to information received from Trans Union.

**f. Deadlines for Interrogatories**

Interrogatories will be served at least 30 days before the close of discovery.

**g. Deadline for Requests for Production and Admissions**

Requests for Production and Admissions will be served at least 30 days before the close of discovery.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.     Status conferences will be held in this case at the following dates and times:

_____.

    b.     A final pretrial conference will be held in this case on _____ at _____ o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING ISSUES

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

    None.

b. Anticipated length of trial and whether trial is to the court or jury.

    The parties anticipate the trial will be complete in one to two days before a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Watsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.s. Courthouse/FederalBuilding, 103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this ___ day of _____, 2019.

BY THE COURT:

_____
Hon.  Nina Y. Wang
Magistrate Judge
United States District Court

*/s/ Nathan C. Volheim*

Nathan C. Volheim

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
nvolheim@sulaimanlaw.com
Attorney for Plaintiff